[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13844
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:01-cr-00461-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBERTO DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 28, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Norberto Dominguez appeals his sentence of imprisonment for 12 months,

which was imposed for two violations of the terms of his supervised release.

Dominguez argues that his sentence is procedurally unreasonable. We affirm.

This Court reviews "the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). Review for reasonableness is deferential, and the burden of establishing that the district court abused its discretion is borne by the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Dominguez's supervised release followed his imprisonment for convictions in 2001 for possession with intent to distribute cocaine and possession of a firearm in furtherance of a drug trafficking offense. 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c). The district court ordered that Dominguez's sentence run consecutive to a sentence of imprisonment for 235 months, which was imposed in a separate case, for possession with intent to distribute 500 grams or more of cocaine. 21 U.S.C. § 841(a)(1). That separate sentence for a federal offense was imposed for one of the two violations of the terms of Dominguez's supervised release. Dominguez also violated the terms of his supervised release by attempting to commit a burglary, possessing burglary tools, and trafficking cocaine, in violation of Florida law. Dominguez does not challenge the findings that he violated the terms of his supervised release.

Dominguez argues that the district court failed to address adequately the relevant sentencing factors, 18 U.S.C. § 3553(a), or articulate its reasons for imposing his sentence, but we disagree. A district court is not required to discuss each of the factors under section 3553(a). United States v. Dorman, 488 F.3d 939, 944 (11th Cir. 2007). A rationale for a sentence is legally sufficient when the record makes clear that the district court considered the evidence and the arguments presented by the parties about the relevant sentencing factors. Rita v. United States, 551 U.S. 338, 359, 127 S. Ct. 2456, 2469 (2007).

The district court did not abuse its discretion. The district court considered the evidence and arguments of the parties, followed a policy statement of the Sentencing Commission that recommended a consecutive sentence, U.S.S.G. § 7B1.3(f), and imposed a sentence 12 months below the bottom of the guideline range. The district court clearly considered the relevant sentencing factors.

**AFFIRMED.**